# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ERIKA W.,

        Plaintiff,

    v.

FRANK BISIGNANO,
  COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 25 CV 6178

Magistrate Judge McShain

## MEMORANDUM OPINION AND ORDER

Plaintiff Erika W. appeals the Commissioner of Social Security's denial of her application for benefits. For the following reasons, plaintiff's motion for summary judgment [10] is denied, the Commissioner's motion for summary judgment [11] is granted, and the denial of benefits is affirmed.[1]

## Background

In January 2022, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of August 5, 2021. [9-1] 22. Plaintiff's claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 30. The Appeals Council denied review in April 2025 [*id.*] 1, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. [9-1] 24. At step two, the ALJ determined that plaintiff had the following severe impairments: morbid obesity, trigger finger of the right middle finger, right wrist tenosynovitis, right carpal tunnel syndrome - status post repair, and mild

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [9-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [5].

degenerative disc disease of the lumbar spine. [*Id.*]. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 25. Before turning to step four, the ALJ ruled that the plaintiff had the residual functional capacity (RFC) to perform light work, except that plaintiff (1) can never climb ladders, ropes, or scaffolds; (2) can frequently stoop and climb ramps or stairs; and (3) can frequently handle and finger with the right upper extremity. [*Id.*]. At step four, the ALJ held that plaintiff could perform her past relevant work as a restaurant manager and manicurist. [*Id.*] 29-30. Because that finding meant that plaintiff was not disabled, the ALJ denied plaintiff's claim without proceeding to step five. [*Id.*] 30.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that a remand is necessary because the ALJ erred in finding that the opinion of her orthopedic surgeon, Dr. DeLeon, was unpersuasive. [10-1] 7. The Court disagrees.

An ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from a [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will explain "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings[.]" 20 C.F.R. § 404.1520c(b). In deciding how persuasive a given opinion or finding is, the ALJ considers "supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict" the opinion or finding. *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). "Supportability and consistency are the two most important factors." *Id.* An ALJ need only "minimally articulate" her reasoning for crediting or discrediting medical opinions. *Grotts v. Kijakazi*, 27 F.4th 1273, 1276 (7th Cir. 2022).

In a March 2023 opinion statement, Dr. DeLeon opined that plaintiff (1) could sit and stand/walk for about six hours; (2) could perform sedentary work on a full-

time basis but would likely be absent four or more times per month; (3) could occasionally lift no more than five pounds with either hand; (4) could not grip, pinch, or grasp on a recurring basis; and (5) required four 15-minute breaks during the workday. [9-1] 895. The ALJ found Dr. DeLeon's opinions unpersuasive because they were:

> inconsistent with the medical record as a whole, including the claimant's generally unremarkable diagnostic and clinical findings, and her significant improvement following her right wrist/finger surgeries (Exhibit 4F, pg. 2-7; 14F, pg. 6). Moreover, Dr. DeLeon provided little supporting evidence or explanation for these extreme limitations aside from largely listing the claimant's diagnoses and subjective allegations, which are not fully consistent with the record for the reasons listed above. Furthermore, there are internal inconsistencies in Dr. DeLeon's assessment that reduce the credibility of this assessment, such as 1) initially concluding that the claimant can perform sedentary level work and later determining that she can stand/walk for six hours per workday, consistent with light level work or higher, 2) determining that the claimant can lift up to 10 pounds occasionally and later stating that she can lift five pounds occasionally, and 3) concluding that the claimant can never grasp objects bilaterally and later finding that she can manipulate, handle, and work with small objects with both hands.

[*Id.*] 29.

Plaintiff contends that the ALJ failed to substantiate her conclusion that Dr. DeLeon's opinion was inconsistent with the record. [10-1] 9-10. Plaintiff emphasizes that the ALJ's citation to Exhibits 4F and 14F does not support that finding because the medical records included in those exhibits–which reflect that plaintiff had persistent right wrist pain, had abnormal range of motion in the right wrist, and was recommended to undergo pain management–tend to corroborate her claim to be disabled. [*Id.*] 10. Plaintiff also contends that Dr. DeLeon properly supported his opinion with reference to plaintiff's reported symptoms and clinical findings, including positive Tinel's sign, median nerve compression test on the left, and tenderness to palpation. [*Id.*].

Contrary to plaintiff's argument, the Court finds that the ALJ minimally articulated her reasons for rejecting Dr. DeLeon's opinion and pointed to substantial evidence in the record that supported her decision.

First, and significantly, plaintiff does not dispute that her condition significantly improved after she underwent multiple surgeries on her right wrist and finger in 2020 and 2021. [9-1] 29. Thus, at the consultative examination in 2022, plaintiff's grip strength in her right hand was "four plus out of five," she had minimal

hypersensitivity in her right palm, and her range of motion in the right hand was normal. [*Id.*] 386-91. Likewise, plaintiff had no difficulty using her right hand to turn a doorknob and pick up a pen and a coin and only mild difficulty with buttoning/unbuttoning, zipping/unzipping, and squeezing a blood pressure cuff. [*Id.*] 391. Furthermore, at a December 2023 examination with orthopedist Sanjay Patari, plaintiff reported experiencing pain in her right hand and wrist but the objective examination of her right hand was entirely normal save for reduced flexion and extension of the hand. [*Id.*] 1034-35. All this evidence was discussed by the ALJ, *see* [*id.*] 26-29, and supports a reasonable conclusion that Dr. DeLeon's opinion was inconsistent with much objective evidence in the record.

Plaintiff makes much of the fact that the ALJ cited to pages 2-7 of Exhibit 4F when weighing Dr. DeLeon's opinion, *see* [9-1] 29, but it is obvious that this represents nothing more than a scrivener's error on the ALJ's part. Earlier in her decision, the ALJ cited the same pages in the record when recounting the findings from plaintiff's 2022 consultative exam. *See* [*id.*] 28 (citing to "Exhibit 4F, pg. 2-7" after summarizing findings from consultative exam). The report from the consultative examiner is located at Exhibit 3F, rather than 4F, and the relevant findings are at pages 2-7 of Exhibit 3F. *See* [*id.*] 385-93. That the ALJ cited the wrong exhibit when discussing the results of the consultative examination is no basis for a remand. Finally, while there may be some evidence within Dr. Patari's December 2023 treatment note that was consistent with plaintiff's claim to be disabled (and that the ALJ discussed, *see* [*id.*] 27-28 (ALJ's discussion of this treatment note at two separate points in her decision)), "the presence of contradictory evidence . . . does not mean the ALJ's determination is not supported by substantial evidence." *Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021).

Second, the ALJ reasonably concluded that Dr. DeLeon's opinion was not well supported. The ALJ accurately observed that DeLeon did not provide any evidence (such as a specific treatment note) to support his opinion, and this omission "goes directly to the regulation's requirement that the ALJ consider the 'internal supportability' of a medical opinion and assess 'the objective medical evidence and supporting explanations presented by a medical source' in supporting the opinion." *Jonah D. v. Dudek*, No. 22 CV 6460, 2025 WL 947892, at *12 (N.D. Ill. Mar. 28, 2025) (quoting 20 C.F.R. § 404.1520c). The ALJ recognized that Dr. DeLeon's opinion statement did refer to plaintiff's subjective allegations, her diagnoses, and the "clinical findings and objective signs of the condition that have been diagnosed" [9-1] 893, but the ALJ reiterated that this evidence was "not fully consistent with the record for the reasons listed above." [*Id.*] 29. As just seen, moreover, the ALJ reached the reasonable conclusion (though by no means the only reasonable conclusion) that the medical record established that plaintiff was not as limited as she claimed or as Dr. DeLeon opined. And while plaintiff again points to evidence that might have supported a finding that Dr. DeLeon's opinion was well-supported, *see* [10-1] 11, the

Court cannot reweigh this evidence (some of which the ALJ expressly considered[3]) to find that the ALJ's handling of Dr. DeLeon's opinion lacked substantial evidentiary support. *See Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (court may not "reweigh the evidence," "resolve debatable evidentiary conflicts," or "substitute its judgment for the ALJ's determination"). In sum, the ALJ gave Dr. DeLeon's opinion less weight than plaintiff believes it deserves because of DeLeon's failure to marshal evidence in support of the opinion or to explain how and why his treatment records or the clinical signs and findings documented therein translated to the significant functional limitations contained in the opinion. This was a reasonable determination that this Court cannot second-guess.

Finally, because substantial evidence supports the ALJ's ruling that Dr. DeLeon's opinions were inconsistent with the record and not well supported, the Court need not address plaintiff's further argument that the ALJ erred in finding that the opinion statement was internally inconsistent in part. In other words, even if the ALJ erred in identifying those internal inconsistencies, the Court would still affirm the denial of benefits because substantial evidence supports the ALJ's conclusion that Dr. DeLeon's opinion was inconsistent with the record and not well supported. *Cf. Liapis v. Bisignano*, 180 F.4th 946, 951 (7th Cir. 2026) ("the two factors most critical to determining an opinion's persuasiveness" are "supportability and consistency").

---

[3] Plaintiff contends that the ALJ ignored evidence that she had abnormal range of motion in the right wrist and bruising and hypersensitivity in her right palm. [10-1] 11. But the ALJ discussed the very pages of the treatment note in which these findings are recorded. *See* [9-1] 27-28 (citing [*id.*] 1035-36). To be sure, the ALJ did not discuss each treatment note on which plaintiff's appeal relies, *see* [10-1] 11 (highlighting treatment notes not discussed by the ALJ), but the ALJ was not required to do so. *See Warnell*, 97 F.4th at 1053 ("An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning."). Because the ALJ in this case did not ignore an entire line of evidence–rather, she engaged with Dr. DeLeon's opinion and some of his treatment notes–a remand is not warranted. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) ("an ALJ may not ignore an entire line of evidence contrary to their ruling") (internal brackets omitted).

**Conclusion**

Plaintiff's motion for summary judgment [10] is denied, defendant's motion for summary judgment is granted [11], and the denial of benefits is affirmed.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: August 3, 2026**